E-filing

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN JOSE

SEALED BY ORDER OF THE COURT

Filed

NOV 2 0 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES OF AMERICA,

v.

# CR13 00750

EJD

HRL

### YUJEN CHEN and MARIA CHEN

### DEFENDANT(S).

# INDICTMENT

VIOLATIONS:  18 U.S.C. § 1349 — Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 — Wire Fraud; 18 U.S.C. § 1956(a)(2)(A) — International Money Laundering; 18 U.S.C. § 553(a)(1) — Exportation of Stolen Motor Vehicles; 18 U.S.C. § 1028(a)(7) — Identity Theft; 18 U.S.C. 1028A — Aggravated Identity Theft; 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461 — Forfeiture of Fraud Proceeds

A true bill.

_____ Foreman

Filed in open court this _____ day of _____

_____

Clerk MJ

No Bail) Arrest Warrants for both defendants

Bail $

1  MELINDA HAAG (CABN 132612)    E-filing   **Filed**
   United States Attorney
2

3                                                             NOV 2 0 2013

4                                                        RICHARD W. WIEKING
                                                        CLERK, U.S. DISTRICT COURT
                                                        NORTHERN DISTRICT OF CALIFORNIA
5                                                             SAN JOSE

6                        SEALED BY ORDER
                          OF THE COURT
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION                        

11

12  UNITED STATES OF AMERICA,          **CR 13    00750**   **HRL**
                                              )  CASE NO.
13         Plaintiff,                          )  VIOLATIONS:  18 U.S.C. § 1349 — Conspiracy to
                                               )  Commit Wire Fraud; 18 U.S.C. § 1343 — Wire
14     v.                                      )  Fraud; 18 U.S.C. § 1956(a)(2)(A)  — International
                                               )  Money Laundering; 18 U.S.C.  § 553(a)(1) —
15  YUJEN CHEN, and                            )  Exportation of Stolen Motor Vehicles; 18 U.S.C.
    MARIA CHEN,                                )  § 1028(a)(7) — Identity Theft; 18 U.S.C. 1028A —
16                                             )  Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C)
           Defendants.                         )  and 28 U.S.C. § 2461 — Forfeiture of Fraud Proceeds
17  _____        )

18

19                        I N D I C T M E N T

20  The Grand Jury charges:

21         At all times relevant to this Indictment, unless otherwise indicated:

22                        Introductory Allegations

23     1.  Defendants YUJEN CHEN and MARIA CHEN were married to each other, and together, the

24  two owned and controlled the company 888 Auto Corporation.  The company was also known as 888

25  Auto Brokers (collectively, hereinafter referred to as "888 Auto").  YUJEN CHEN was the President of

26  888 Auto.  MARIA CHEN was the CEO of 888 Auto.

27     2.  888 Auto bought and sold cars.  The company also acted as a broker to persons seeking to

28  purchase cars.  The company exported cars abroad, primarily to buyers in China.  888 Auto's

    INDICTMENT

1   last known and primary place of business was 710 E. El Camino Real in Sunnyvale, in the Northern

2   District of California.

3       3. Defendants YUJEN and MARIA CHEN employed a number of people at 888 Auto. Family

4   members also worked for YUJEN and MARIA CHEN, including, among others, persons known to the

5   Grand Jury as Family Member 1, Family Member 2, and Family Member 3.

6       4. In addition to 888 Auto, YUJEN and MARIA CHEN owned or controlled the following entities:

7   L&W Enterprise; Universal Touring; Walter Consulting; Auto Resources; and Hope Auto. With the

8   exception of L&W Enterprise and Hope Auto, each entity was registered in the names of YUJEN or

9   MARIA CHEN.

10      5. The entities VW Credit Leasing, Mercedes-Benz Financial Services, US Bank, Porsche Financial

11  Services, BMW Financial Services, Audi Financial Services, and Toyota Financial Services (the

12  "Finance Companies") were companies that provided financing for retail customers of automobiles from

13  automotive dealerships.

14      6. The California Department of Motor Vehicles (DMV) was an agency of the State of California

15  that recorded ownership for motor vehicles sold, operated, and leased in California.

16      7. Customs and Border Protection (CBP) was a component of the Department of Homeland

17  Security, an agency of the United States. CBP enforced the import and export laws and regulations of

18  the United States. In that role, CBP administered the export of goods, including motor vehicles, out of

19  the United States for sale in a foreign country at designated ports of entry. The seaport of Oakland and

20  the airport of San Francisco were designated ports of entry.

21  <u>Background Regarding Check Clearing Process</u>

22      8. In general, the banking system in the United States operates through a system of interstate wire

23  transmissions to monitor and transmit financial transactions, and to record such financial transactions.

24  The Bank of America is a financial institution based in Charlotte, North Carolina, with offices and

25  customers located throughout the United States, including California. The Bank of America utilizes a

26  system of interstate wire transmissions to monitor, record, and transmit financial transactions. For

27  example, a payment made by a check drawn from a Bank of America account holder, or to a Bank of

28  America account holder, causes a series of interstate wire transmissions. The processing of such a check

INDICTMENT                     2

1   causes an interstate wire transmission between a point of origin where the check was initially processed,

2   to Richardson, Texas, and then back to the point of origin.  An image of the check is also sent via

3   interstate wires for retention by the Bank of America in Dallas, Texas, and Boulder, Colorado, and is

4   accessible to bank customers throughout the world via interstate wire transmissions accessible through

5   the Internet.

6       9.   The FEDWIRE system is an electronic funds transfer and book-entry securities transfer service

7   that links the Federal Reserve Banks with approximately 10,000 depository institutions nationwide.

8   Every funds transfer sent through FEDWIRE automatically triggers an electronic wire communication to

9   the Funds Transfer Host Application located in East Rutherford, New Jersey, for registration before

10   being transferred to its final destination.

11                          Background Regarding Auto Leasing and Auto Exporting

12       10.  Every new motor vehicle sold in California is labeled by the manufacturer with a unique

13   Vehicle Identification Number ("VIN").  Ownership of a motor vehicle is then established through a

14   certificate of title ("the title") that corresponds to the VIN number of that motor vehicle.

15       11.  A customer leases a vehicle through a dealership by first filling out a credit application.  Once

16   the credit application is filled out the dealership electronically sends the information through a credit

17   score retrieval system.  The system makes electronic inquiries to retrieve the credit score to at least one

18   of the three main credit bureaus.  Once the dealership receives a credit score response, and the customer

19   is approved, a lease agreement is drafted and signed by the customer.  The customer may owe "drive off

20   fees" that are due before the vehicle is driven off the dealership lot.  The drive off fees may include the

21   first month's payment, bank fees, vehicle registration fees, and other miscellaneous fees.  Once a

22   customer signs a lease agreement, and the lease is approved by the financial institution, the financial

23   institution holds title until the customer has paid the vehicle off in full.

24       12. Automotive manufacturers ("manufacturers") generally have contractual agreements with their

25   dealerships that new automobiles made for sale inside the United States may not be sold to individuals

26   or companies intending to export the new automobiles outside the United States.  The reasons for such

27   limits are, among other things, the desire to control the distribution of vehicles to dealers foreign and

28   domestic; to monitor and respond to issues relating to vehicle service and safety issues; and to protect

INDICTMENT                                        3

1  intellectual property and brand rights of their vehicles.

2      13.  An automotive broker ("broker") is a dealer who engages in the business of brokering.
3  Brokering is defined as an arrangement under which a dealer, for a fee or other consideration, regardless
4  of the form or time of payment, provides or offers to provide the service of arranging, negotiating,
5  assisting, or effectuating the purchase of a new or used motor vehicle, not owned by the dealer, for
6  another or others.

7      14.  Freight forwarders are firms specializing in facilitating the exportation of vehicles overseas for
8  their clients.  Freight forwarders typically receive documents in support of the exportation of the
9  vehicles.  Such documents include: Manufacturer's Statement of Origin, California DMV registration
10  card/or DMV vehicle title, Vehicle Sales Contract, Air Way Bill, and Customs Cover Letter.  The
11  Freight forwarders also load the vehicles in containers for exportation.  The freight forwarder then
12  submits, on behalf of its clients, documents to United States Customs and Border Protection ("U.S.
13  Customs") for approval.  Once U.S. Customs approves the paperwork, the vehicles are exported.  The
14  containers are loaded on a boat or airplane and shipped overseas.

15                    The Scheme and Artifice to Defraud

16      15.  Beginning on a date unknown to the Grand Jury, but no later than in 2008, and continuing
17  through the present, the defendants, YUJEN CHEN and MARIA CHEN, used 888 Auto, and its related
18  entities, to defraud individuals, as well as automotive dealerships, manufacturers, and finance
19  companies, out of money and property related to the leasing, financing, and exporting of vehicles.

20      16.  As part of this conspiracy to defraud and to obtain money by means of materially false and
21  fraudulent pretenses, representations, and promises, the defendants solicited individuals to act as straw
22  purchasers, leased and financed vehicles, used the identification of others without authorization to lease
23  vehicles, "washed" the vehicle title documents to indicate ownership of the leased vehicles, made lulling
24  lease payments to the financial institutions who underwrote the leases, exported these vehicles from the
25  United States, to China and elsewhere, falsely promised to straw purchasers and others to repay the lease
26  obligation, and provided straw purchasers and other customers checks and financial instruments with
27  insufficient funds.

28      17.  The objects of the conspiracy were carried out, in substance, as follows:

INDICTMENT                                4

a. Defendants YUJEN and MARIA CHEN, as well as persons working for the defendants, recruited straw lessees to lease vehicles from dealerships located in the Northern District of California and elsewhere. Each lessee was offered a sum of money to act as a straw lessee, usually around $500. The straw lessees were promised that YUJEN and MARIA CHEN would assume the lease payments, and the straw lessees would not be financially responsible for the lease. After the lease arrangement was completed, the straw lessees would turn the vehicles over to the CHENS.

b. YUJEN and MARIA CHEN made initial payments to the automotive finance companies, and/or reimbursed the straw lessors any fees they incurred at the time of leasing the vehicles.

c. YUJEN and MARIA CHEN identified foreign purchasers for leased vehicles.

d. YUJEN and MARIA CHEN falsified DMV paperwork to transfer title from the financing company or straw lessor to an entity owned or controlled by YUJEN or MARIA CHEN.

e. YUJEN and MARIA CHEN caused the vehicle to be forwarded to a freight forwarder for the purpose of exporting the car to a foreign buyer.

f. YUJEN and MARIA CHEN provided or caused to be provided customs paperwork to a freight forwarder that included a fraudulently obtained "washed" DMV title.

g. YUJEN and MARIA CHEN caused the leased vehicle to be shipped abroad.

h. YUJEN and MARIA CHEN ceased the financing payments on the leased vehicles.

i. YUJEN and MARIA CHEN used the identities of others without authorization to lease vehicles in the names of others, and repeated the fraudulent financing, title washing, and exporting scheme.

j. YUJEN and MARIA CHEN acted as vehicle brokers, and received money from persons to purchase vehicles. But instead of paying the dealers the money received from the persons for the vehicles, the CHENs the used without authorization the identities of these persons to lease or finance the vehicles, and kept the money for themselves.

k. YUJEN and MARIA CHEN promised straw lessees and other customers that they would assume financial responsibility for the financed vehicles.

1    l.   YUJEN and MARIA CHEN provided straw lessees and other customers with checks and

2         other financial instruments that lacked sufficient funds to satisfy the obligation.

3  COUNT ONE:  (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

4     18.   Paragraphs One through Seventeen of this Indictment are re-alleged and incorporated as if fully

5  set forth here.

6     19.   Beginning on a date unknown to the Grand Jury, but no later than in 2008, and continuing

7  through the present, the defendants,

8                              YUJEN CHEN, and
                              MARIA CHEN,
9

10 did knowingly conspire and agree with each other to execute, and to attempt to execute, in the Northern

11 District of California and elsewhere, a material scheme and artifice: (1) to defraud individuals, as well as

12 automotive dealerships, manufacturers, and finance companies, out of money and property related to the

13 leasing, financing, and exporting of vehicles; and (2) to obtain money and property by means of

14 materially false and fraudulent pretenses, representations, and promises, and, for the purpose of

15 executing such scheme and artifice and attempting to do so, knowingly to transmit, and cause to be

16 transmitted, by wire in interstate commerce certain writings, signs, signals, pictures.

17     All in violation of Title 18, United States Code, Section 1349.

18

19 COUNTS TWO THROUGH SEVEN:        (18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 2 – Aiding
                                     and Abetting)
20

21     20.   Paragraphs One through Seventeen of this Indictment are re-alleged and incorporated as if fully

22 set forth here.

23     21.   On or about the dates set forth in the separate counts below, in the Northern District of

24 California, and elsewhere, for the purpose of executing the aforementioned scheme and artifice to

25 defraud, and attempting to do so, the defendants,

26                              YUJEN CHEN, and
                              MARIA CHEN,
27

28 did knowingly cause to be transmitted, in interstate and foreign commerce, by means of a wire

INDICTMENT                                    6

communication, certain writings, signs, and signals, including checks processed outside the State of California, including the States of Texas and Colorado, and did aid and abet the same, as described below:

| Count | Date | Bank | Account Number | WIRE COMMUNICATION |
|---|---|---|---|---|
| 2 | December 3, 2008 | Bank of America | -8838 | Check from 888 Auto signed by Maria Chen in the amount of $4,098 to T.H. re reimbursement for payment on Porsche VIN ending 0380. |
| 3 | May 4, 2009 | Bank of America | -8838 | Wire transfer from 888 Auto Corp. business account in Sunnyvale, California, in the amount of $1,708.40 to VW Credit Leasing in State, re VIN ending 5450. |
| 4 | May 8, 2009 | Bank of America | -8838 | International wire transfer to 888 Auto business account in Sunnyvale, California in the amount of $57,905. |
| 5 | October 13, 2009 | Bank of America | -8838 | Check from 888 Auto signed by W.C. in the amount of $37,760.59 to cash for VCI Account Services re Audi VIN ending 8546. |
| 6 | July 22, 2010 | Bank of America | -8838 | Check from 888 Auto signed by Maria Chen in the amount of $2,208 to Speedy International re export of two Toyotas VINs ending 7718 and 0590. |
| 7 | August 13, 2010 | Bank of America | -8838 | Check from 888 Auto signed by Yujen Chen to Mercedes Benz Financial in the amount of $3,408.36 for payment on Mercedes Benz VIN ending 0798. |

Each in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT EIGHT:　　　　　　　　(18 U.S.C. 1956(a)(2)(A) — International Money Laundering; 18 U.S.C. § 2 – Aiding and Abetting)

22. Paragraphs One through Seventeen of this Indictment are re-alleged and incorporated as if fully set forth here.

23. On or about November 25, 2008, in the Northern District of California and elsewhere, the defendants,

YUJEN CHEN, and
MARIA CHEN,

INDICTMENT　　　　　　　7

1  did transport, transmit, transfer and attempt to transport, transmit, and transfer funds, and did aid and

2  abet the same, in particular, the transfer of funds via electronic wire from the Bank of China, in Hong

3  Kong, to the Bank of America account ending -8838, in the United States of America, in the amount of

4  $171,385, such account controlled by the defendants, with the intent to promote the carrying on of

5  specified unlawful activity, in particular, wire fraud, in violation of 18 U.S.C. § 1343, and conspiracy to

6  do the same, in violation of 18 U.S.C. § 1349.

7      All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

8  COUNT NINE:                (18 U.S.C. 1956(a)(2)(A) — International Money Laundering; 18
9                                       U.S.C. § 2 – Aiding and Abetting)

10     24. Paragraphs One through Seventeen of this Indictment are re-alleged and incorporated as if fully

11  set forth here.

12     25.  On or about July 2, 2009, in the Northern District of California and elsewhere, the defendants,

13                         YUJEN CHEN, and
                       MARIA CHEN,

14

15  did transport, transmit, transfer and attempt to transport, transmit, and transfer funds, and did aid and

16  abet the same, in particular, the transfer of funds via electronic wire from the Bank of China, in Hong

17  Kong, to the Bank of America account ending -8838, in the United States of America, in the amount of

18  $160,077, such account controlled by the defendants, with the intent to promote the carrying on of

19  specified unlawful activity, in particular, wire fraud, in violation of 18 U.S.C. § 1343, and conspiracy to

20  do the same, in violation of 18 U.S.C. § 1349.

21      All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

22  COUNTS TEN THROUGH FOURTEEN:    (18 U.S.C.  § 553(a)(1) — Exportation of Stolen Motor
                                           Vehicles)

23     26.  On or about the dates set forth in the below table, in the Northern District of California, the

24  defendants,

25                         YUJEN CHEN, and
                       MARIA CHEN,

26

27  did export the following motor vehicles, knowing the same to have been stolen,

28

INDICTMENT                    8

| Count | Date Exported | VEHICLE |
|---|---|---|
| 10 | May 21, 2009 | Audi Q7, VIN WAIEY74L09D020289 |
| 11 | July 13, 2009 | 2009 BMW X5, VIN 5UXFE435X9L261141 |
| 12 | May 11, 2010 | 2010 Mercedes Benz GL550, VIN 4JGBF8GE6AA590798 |
| 13 | June 25, 2010 | 2011 Toyota Sienna, VIN 5TDKK3DC3BS027718 |
| 14 | September 22, 2010 | 2010 Mercedes Benz GL550, VIN 4JGBF8GE2AA587803 |

Each in violation of Title 18, United States Code, Section 553(a)(1).

COUNTS FIFTEEN THROUGH NINETEEN:   (18 U.S.C. §§ 1028(a)(7), (b)(1), (c)(3), and (f); 18 U.S.C. § 2 —  Identity Theft)

27. Paragraphs One through Seventeen of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

28. On or about the dates set forth in the below table, in the Northern District of California, the defendants, identified below, did knowingly possess and use in or affecting interstate or foreign commerce, and conspired to the same, without lawful authority, a means of identification of another person, as described in the below table, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, in particular, Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349), and the offense involved the possession and use of a driver's license, among other means of identification, and, as a result of the offense, the defendant or any other individual committing the offense, obtained anything of value aggregating $1,000 or more during any 1-year period, as follows:

| Count | Date | Person | Defendant | Means of Identification and Related Vehicles |
|---|---|---|---|---|
| 15 | July 15, 2009 | WL | YUJEN CHEN | Name<br>Social Security Number<br>Address<br>2009 Audi Q5 WA1KK78R09A018546 |
| 16 | August 27, 2009 | RC | YUJEN CHEN | Name<br>Social Security Number<br>Date of Birth<br>Driver's License Number |

INDICTMENT                                     9

| Count | Date | Person | Defendant | Means of Identification and Related Vehicles |
|---|---|---|---|---|
| | | | | Motor Vehicle Insurance Account Number<br>Address<br>2010 Toyota Sequoia VIN<br>5TDDY5G10AS025419 |
| 17 | May 14 and 15, 2010 | QPB | YUJEN CHEN MARIA CHEN | Name<br>Social Security Number<br>Date of Birth<br>Driver's License Number<br>Motor Vehicle Insurance Account Number<br>Address<br>2011 Toyota Sienna VIN 5TDKK3DC3BS027718<br>2011 Toyota Sienna VIN 5TDKK3DC7BS030590 |
| 18 | May 4, 2012 | SL | YUJEN CHEN | Name<br>Social Security Number<br>Date of Birth<br>Driver's License Number<br>Motor Vehicle Insurance Account Number<br>Address<br>2012 Toyota Prius VIN JTDZN3EU9C3123157 |
| 19 | June 21, 2012 | WY | YUJEN CHEN MARIA CHEN | Name<br>Social Security Number<br>Date of Birth<br>Driver's License Number<br>Motor Vehicle Insurance Account Number<br>Address<br>Toyota Camry VIN 4T4BF1FKOCR222588 |

Each in violation of Title 18, United States Code, Sections 1028(a)(7), (b)(1)(A)(ii) and (b)(1)(D), (c)(3), and (f), and 2.

COUNTS TWENTY THROUGH TWENTY-FOUR :          (18 U.S.C. § 1028A(a)(1) — Aggravated Identity Theft)

29. On or about the dates set forth below, in the Northern District of California, the defendants, identified below, did knowingly possess and use, without lawful authority, means of identification of another person, during and in relation to the felony violation of 18 U.S.C. § 1349, Conspiracy to Commit Wire Fraud, and 18 U.S.C. § 1343, Wire Fraud, against the persons identified in the Counts

INDICTMENT                                          10

below, as follows:

| Count | Date | Person | Defendant | Related Count |
|-------|------|--------|-----------|---------------|
| 20 | July 15, 2009 | WL | YUJEN CHEN | Count Fifteen |
| 21 | September 12, 2009 | RC | YUJEN CHEN | Count Sixteen |
| 22 | May 14 and 15, 2010 | QPB | YUJEN CHEN MARIA CHEN | Count Seventeen |
| 23 | May 4, 2012 | SL | YUJEN CHEN | Count Eighteen |
| 24 | June 21, 2012 | WY | YUJEN CHEN MARIA CHEN | Count Nineteen |

Each in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION    (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) — Forfeiture of Proceeds of Specified Unlawful Activity)

30. The allegations set forth in paragraphs One through Seventeen, and in each of Counts One through Seven, conspiracy to commit wire fraud, and wire fraud, are re-alleged and incorporated as if fully set forth here for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Upon conviction for any offense alleged in Counts One through Seven, for conspiracy to commit wire fraud and wire fraud, the defendants shall forfeit to the United States all property, constituting and derived from proceeds traceable to said offense.

31. If any of said property, as a result of any act or omission of the defendant:

        A.     cannot be located upon the exercise of due diligence;

        B.     has been transferred or sold to or deposited with, a third person;

        C.     has been placed beyond the jurisdiction of the Court;

        D.     has been substantially diminished in value; or

        E.     has been commingled with other property which cannot be subdivided without difficulty;

INDICTMENT                                    11

1  any and all interest defendant has in other property shall be vested in the United States and forfeited to

2  the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

3  United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

4

5  DATED: *11/20/13*                                    A TRUE BILL.

6

7                                                                       _____
                                                                        FOREPERSON
8

9  MELINDA HAAG
   United States Attorney

10

11

12  AMBER S. ROSEN
    Deputy Chief, San Jose Office

13

14  (Approved as to form: _____ )
                                        AUSA KALEBA
15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                                        12

E-filing

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

Filed

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

NOV 20 2013

─── OFFENSE CHARGED ───

Count One: 18 U.S.C. § 1349 — Conspiracy to Commit Wire Fraud;
Counts Two- Seven: 18 U.S.C. § 1343 — Wire Fraud;
Counts Eight and Nine: 18 U.S.C. § 1956(a)(2)(A) — International Money Laundering;
Counts Ten-Fourteen: 18 U.S.C. § 553(a)(1) — Exportation of Stolen Motor Vehicles;

PENALTY: Maximum imprisonment – 20 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 3 years
Special assessment – $100

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

SEALED BY ORDER OF THE COURT

⊞

── Name of District Court, and/or Judge/Magistrate Location ──
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

─── DEFENDANT - U.S ───

▶ Yujen Chen

DISTRICT COURT NUMBER

CR13  00750   HRL

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

IRS /Special Agent Danielle Singleton

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   DANIEL KALEBA

─── DEFENDANT ───

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes   If "Yes"
been filed?  ☐ No    give date filed

DATE OF
ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: 0

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

⊞

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments: _____

△1

*United States v. Chen et al.*
Penalty Sheet Attachment

COUNT ONE:  (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

Maximum imprisonment – 20 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 3 years
Special assessment – $100

COUNTS TWO THROUGH SEVEN:   (18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 2 – Aiding and
                                                        Abetting)

Maximum imprisonment – 20 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 3 years
Special assessment – $100

COUNTS EIGHT and NINE:           (18 U.S.C. 1956(a)(2)(A) — International Money Laundering;
                                                 18 U.S.C. § 2 – Aiding and Abetting)

Maximum imprisonment – 20 years
Maximum fine – $500,000 or twice the value of the monetary instrument or funds involved
Supervised release term – 3 years
Special assessment – $100

COUNTS TEN THROUGH FOURTEEN:        (18 U.S.C.  § 553(a)(1) — Exportation of Stolen Motor
                                                          Vehicles)

Maximum imprisonment – 10 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 3 years
Special assessment – $100

COUNTS FIFTEEN THROUGH NINETEEN:         (18 U.S.C. §§ 1028(a)(7), (b)(1), (c)(3), and (f);
                                                            18 U.S.C. § 2 — Identity Theft)

Maximum imprisonment – 15 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 3 years
Special assessment – $100

COUNTS TWENTY THROUGH TWENTY-FOUR :          (18 U.S.C. § 1028A(a)(1) —
                                                               Aggravated Identity Theft)

Maximum imprisonment – twenty-four months mandatory consecutive to any sentence imposed

Δ1

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

───── OFFENSE CHARGED ─────

Count One: 18 U.S.C. § 1349 — Conspiracy to Commit Wire Fraud;
Counts Two- Seven:18 U.S.C. § 1343 — Wire Fraud;
Counts Eight and Nine:18 U.S.C. § 1956(h) —
International Money Laundering
Counts Ten-Fourteen: 18 U.S.C. § 553(a)(1) — Exportation of Stolen Motor Vehicles:

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:   Maximum imprisonment – 20 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 3 years
Special assessment – $100

───── Name of District Court, and/or Judge/Magistrate Location ─────
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

───── DEFENDANT - U.S ─────
► Maria Chen

DISTRICT COURT NUMBER
CR13  00750  HRL

*Filed*

*NOV 2 1 2013*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*SAN JOSE*

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

IRS /Special Agent Danielle Singleton

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of
  charges previously dismissed
  which were dismissed on motion
  of:                                   SHOW
                                        DOCKET NO.
  ☐ U.S. ATTORNEY   ☐ DEFENSE  }

☐ this prosecution relates to a
  pending case involving this same
  defendant                            MAGISTRATE
                                       CASE NO.

☐ prior proceedings or appearance(s)
  before U.S. Magistrate regarding this }
  defendant were recorded under

Name and Office of Person
Furnishing Information on this form     MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      DANIEL KALEBA

## DEFENDANT

IS *NOT* IN CUSTODY
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
       summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction                    } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
     If answer to (6) is "Yes", show name of institution

_____

Has detainer    ☐ Yes    If "Yes"
been filed?              give date
                ☐ No     filed
                         Month/Day/Year

DATE OF
ARREST ►
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED        Month/Day/Year
TO U.S. CUSTODY  ►

☐ This report amends AO 257 previously submitted

───── ADDITIONAL INFORMATION OR COMMENTS ─────

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT       Bail Amount: 0

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

_____

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

*United States v. Chen et al.*
Penalty Sheet Attachment

COUNT ONE:  (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

Maximum imprisonment – 20 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 3 years
Special assessment – $100

COUNTS TWO THROUGH SEVEN:    (18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 2 – Aiding and
                                                          Abetting)

Maximum imprisonment – 20 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 3 years
Special assessment – $100

COUNTS EIGHT and NINE:            (18 U.S.C. 1956(a)(2)(A) — International Money Laundering;
                                                     18 U.S.C. § 2 – Aiding and Abetting)

Maximum imprisonment – 20 years
Maximum fine – $500,000 or twice the value of the monetary instrument or funds involved
Supervised release term – 3 years
Special assessment – $100

COUNTS TEN THROUGH FOURTEEN:        (18 U.S.C.  § 553(a)(1) — Exportation of Stolen Motor
                                                                    Vehicles)

Maximum imprisonment – 10 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 3 years
Special assessment – $100

COUNTS FIFTEEN THROUGH NINETEEN:        (18 U.S.C. §§ 1028(a)(7), (b)(1), (c)(3), and (f);
                                                                     18 U.S.C. § 2 — Identity Theft)

Maximum imprisonment – 15 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 3 years
Special assessment – $100

COUNTS TWENTY THROUGH TWENTY-FOUR :        (18 U.S.C. § 1028A(a)(1) —
                                                                          Aggravated Identity Theft)

Maximum imprisonment – twenty-four months mandatory consecutive to any sentence imposed

Δ2